UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-407-RJC

| | |
|---|---|
| TROY N. PERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ROBERT C. LEWIS, ) | |
| G. SOLOMON, ) | |
| L. PARSONS, ) **ORDER** |
| FNU COVINGTON, Captain, ) | |
| ALVIN W. KELLER, JR., ) | |
| S.R. COBB, ) | |
| R. NEELY, Superintendent, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on the following motions by Plaintiff: (1) Motion for Permission for Family to Pay Filing Fee, (Doc. No. 5); (2) Motion to Appoint Counsel, (Doc. No. 6); (3) Motion: Jury Demand to Hear All Proceedings of this Case, (Doc. No. 8); (4) Motion for all Documents Presented to Western District Clerk of Court to be Presented as Evidence and Exhibits at All Hearings and Trials Before Any Federal Courts, (Doc. No. 9); (5) Motion for Medicine Neurontin Non-Narcotic for Medication of Seizure for Chronic Disease Be Left in Place so Plaintiff Can Be Function to Understand Hearing, Trials and Procedures, (Doc. No. 10); (6) and Motion for Withdrawal of Payment of $350 out of Plaintiff's Trust Fund Account All at One Time, (Doc. No. 11).

I.  **BACKGROUND**

Pro se Plaintiff Troy N. Person is a prisoner of the State of North Carolina, currently incarcerated at Marion Correctional Institution. Plaintiff filed this lawsuit pursuant to 42 U.S.C. §

1983, naming the following seven individuals as Defendants: Captain Covington, Correctional Officer, Lanesboro Correctional Institution; Robert C. Lewis, Director of the Division of Prisons, North Carolina Department of Public Safety; George Solomon, Regional Director, North Carolina Department of Public Safety Central; Richard Neely, Former Administrator, Lanesboro Correctional Institution; Lawrence Parsons, Administrator, Lanesboro Correctional Institution; Alvin W. Keller, Jr., former Secretary, North Carolina Department of Public Safety; and S.R. Cobb, Program Services Coordinator, Lanesboro Correctional Institution.

Plaintiff alleges in the Complaint that in November 2010, while he was housed at Lanesboro Correctional Institution, other inmates who were known gang members attacked and beat him. (Doc. No. 1 at 6). Plaintiff alleges that, prior to the attacks, he complained to Defendants that gang members had threatened to attack him, but Defendants did nothing to protect Plaintiff. See (Id. at 8-12). Plaintiff alleges that Defendants violated his Eighth Amendment rights by failing to protect him from a known threat from the gang members in the prison. (Id.).

Plaintiff filed the Complaint on July 2, 2012, followed by a Motion to Proceed in Forma Pauperis on July 18, 2012. Also on July 18, 2012, Plaintiff filed a Motion for Permission for Family to Pay Filing Fee, (Doc. No. 5), and a Motion to Appoint Counsel, (Doc. No. 6). On July 19, 2012, the Court terminated Plaintiff's Motion to Proceed in Forma Pauperis because Plaintiff did not file the motion at the time he filed the Complaint. On November 2, 2012, Plaintiff filed a "Motion for Withdrawal of Payment of $350 out of Plaintiff's Trust Fund Account all at One Time," (Doc. No. 11). On February 19, 2013, Plaintiff paid the $350.00 filing fee.

## II. DISCUSSION

### A. Motions Related to Filing Fee

Because Plaintiff has paid the filing fee in this case, the following motions shall be

dismissed as moot: Plaintiff's Motion for Permission for Family to Pay Filing Fee, (Doc. No. 5), and Motion for Withdrawal of Payment of $350 out of Plaintiff's Trust Fund Account All at One Time, (Doc. No. 11).

B. Motion to Appoint Counsel

Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person [claiming in forma pauperis status] unable to afford counsel." In considering whether to request that an attorney represent Plaintiff, the Court must be cognizant that appointment of counsel in civil actions "should be allowed only in exceptional circumstances." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). Plaintiff states in support of his Motion to Appoint Counsel, (Doc. No. 6), that he is unable to afford counsel, his incarceration limits his ability to litigate this suit, the issues in the case are complex and will require significant research and investigation, and he does not have access to a law library.

Plaintiff is not entitled to counsel because he paid the filing fee and is not proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). Even if Plaintiff were claiming in forma pauperis status, this case does not present exceptional circumstances that justify appointment of counsel. See Cook, 518 F.2d at 780. Therefore, Plaintiff's Motion to Appoint Counsel will be denied.

C. Motion for Jury Demand

A party may demand a jury trial on any issue so triable "no later than 14 days after the last pleading directed to the issue is served." See FED. R. CIV. P. 38(b). A written demand served on the opposing parties is required, not a motion with the court. Id. The right is waived if a party fails to properly serve and file its demand for a jury trial. Id. Because a jury demand must be made on the opposing parties rather than through a motion with the Court, the Court will deny Plaintiff's motion for a jury demand without prejudice to Plaintiff to demand such jury trial from Defendants

dismissed as moot: Plaintiff's Motion for Permission for Family to Pay Filing Fee, (Doc. No. 5), and Motion for Withdrawal of Payment of $350 out of Plaintiff's Trust Fund Account All at One Time, (Doc. No. 11).

B. Motion to Appoint Counsel

Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person [claiming in forma pauperis status] unable to afford counsel." In considering whether to request that an attorney represent Plaintiff, the Court must be cognizant that appointment of counsel in civil actions "should be allowed only in exceptional circumstances." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). Plaintiff states in support of his Motion to Appoint Counsel, (Doc. No. 6), that he is unable to afford counsel, his incarceration limits his ability to litigate this suit, the issues in the case are complex and will require significant research and investigation, and he does not have access to a law library.

Plaintiff is not entitled to counsel because he paid the filing fee and is not proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). Even if Plaintiff were claiming in forma pauperis status, this case does not present exceptional circumstances that justify appointment of counsel. See Cook, 518 F.2d at 780. Therefore, Plaintiff's Motion to Appoint Counsel will be denied.

C. Motion for Jury Demand

A party may demand a jury trial on any issue so triable "no later than 14 days after the last pleading directed to the issue is served." See FED. R. CIV. P. 38(b). A written demand served on the opposing parties is required, not a motion with the court. Id. The right is waived if a party fails to properly serve and file its demand for a jury trial. Id. Because a jury demand must be made on the opposing parties rather than through a motion with the Court, the Court will deny Plaintiff's motion for a jury demand without prejudice to Plaintiff to demand such jury trial from Defendants

in accordance with Rule 38(b) of the Federal Rules of Civil Procedure.

D.      Motion for Documents

In support of his Motion for all Documents Presented to Western District Clerk of Court to be Presented as Evidence and Exhibits at All Hearings and Trials Before Any Federal Courts, (Doc. No. 9), Plaintiff asserts that he sent various documents to this Court and that he would like for them to be considered in his hearings and at trial. The Court will deny the motion as non-justiciable. To the extent that Plaintiff would like for certain documents to be considered by the Court with respect to his claims, he must submit the documents as attachments to either pleadings or motions before the Court in accordance with the Federal Rules of Civil Procedure.

E.      Motion for Medicine

In support of his Motion for Medicine Neurontin Non-Narcotic for Medication of Seizure for Chronic Disease Be Left in Place so Plaintiff Can Be Function to Understand Hearing, Trials and Procedures, (Doc. No. 10), Plaintiff asserts that he seeks an order from the Court requiring officials at Marion Correctional Institution, where he is currently housed, to continue treating Plaintiff with Neurontin. Plaintiff contends that the medication helps him function properly, keeps him from dying, and relieves his pain. Plaintiff states that without the medication he cannot think or walk, and that he has nosebleeds and seizures. (Doc. No. 10 at 2).

The Court will deny Plaintiff's motion without prejudice. Plaintiff has not alleged in the original Complaint an Eighth Amendment claim based on the prison's failure to give him Neurontin. Even more significantly, Plaintiff has not named as Defendants in this action any Marion Correctional Institution officials responsible for administering medicine to Plaintiff. See United States v. Paccione, 964 F.2d 1269, 1275 (2d Cir. 1992) (stating that a court usually may not issue an order against a non-party); see also FED. R. CIV. P. 65(d)(2) (limiting the persons or

entities that can be served with a temporary restraining order). The Court will deny Plaintiff's motion without prejudice to allow Plaintiff, if he so chooses, to file a separate civil action alleging an Eighth Amendment claim based on the failure of officials at Marion Correctional Institution to give him Neurontin.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Permission for Family to Pay Filing Fee, (Doc. No. 5), is **DENIED** as moot;

2. Plaintiff's Motion to Appoint Counsel, (Doc. No. 6), is **DENIED**;

3. Plaintiff's Motion for Jury Demand, (Doc. No. 8), is **DENIED** without prejudice;

4. Plaintiff's Motion for all Documents Presented to Western District Clerk of Court to be Presented as Evidence and Exhibits at All Hearings and Trials Before Any Federal Courts, (Doc. No. 9), is **DENIED** as non-justiciable;

5. Plaintiff's Motion for Medicine Neurontin Non-Narcotic for Medication of Seizure for Chronic Disease Be Left in Place So Plaintiff Can Be Function to Understand Hearing; trials and procedures, (Doc. No. 10), is **DENIED** without prejudice; and

6. Plaintiff's Motion for Withdrawal of Payment of $350 out of Plaintiff's Trust Fund Account All at One Time, (Doc. No. 11), is **DENIED** as moot.

Signed: March 22, 2013

Robert J. Conrad, Jr.
Chief United States District Judge