UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-407-RJC

| | |
|---|---|
| TROY N. PERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| ROBERT C. LEWIS, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1). See 28 U.S.C. §§ 1915(e); 1915A.

I.  BACKGROUND

Pro se Plaintiff Troy N. Person is a prisoner of the State of North Carolina, currently incarcerated at Harnett Correctional Institution. Plaintiff filed this action on July 2, 2012, pursuant to 42 U.S.C. § 1983, naming the following seven individuals as Defendants: Captain Covington, Correctional Officer, Lanesboro Correctional Institution ("Lanesboro"); Robert C. Lewis, North Carolina Department of Public Safety, Director of the Division of Prisons; George Solomon, North Carolina Department of Public Safety Central, Regional Director; Richard Neely, Former Administrator, Lanesboro; Lawrence Parsons, Administrator, Lanesboro; Alvin W. Keller, Jr., former Secretary of North Carolina Department of Public Safety; and S.R. Cobb, Program Services Coordinator, Lanesboro.

Plaintiff alleges in the Complaint that in September 2010 and November 2010, while he was incarcerated at Lanesboro, other inmates who were known gang members attacked and beat

him.  (Doc. No. 1 at 5; 6).  Plaintiff alleges that he had complained to Defendants before the attacks that gang members had threatened to attack him, but that Defendants did nothing to protect Plaintiff.  See (Id. at 8-12).  Plaintiff alleges that one assault by a gang member in November 2010 was severe enough for Plaintiff to be sent to the hospital and that he was operated on in the emergency room on November 13, 2010.  (Id.).  Plaintiff alleges that he received 62 stitches and suffers from permanent nerve damage.  (Id. at 7).  Plaintiff alleges that Defendants violated his Eighth Amendment rights by failing to protect him from a known threat from the gang members in the prison.  (Id.).

As to each named Defendant, Plaintiff alleges specifically that he had complained to Defendant Covington about the threats from gang members when he arrived at Lanesboro on September 1, 2010, and then again on October 20, 2010, but Covington took no action to protect Plaintiff and that Covington even laughed at Plaintiff for complaining.  (Id. at 6; 10).  Plaintiff alleges that he wrote a letter of complaint to Defendant Parsons on November 4, 2010, stating that members of the Bloods and Crips gangs were threatening to kill Plaintiff, but Parsons did nothing.  (Id. at 6).  Plaintiff alleges that Defendant Lewis is liable because he was notified of Plaintiff's complaints about the gang member threats before the assaults occurred, but he did nothing.  (Id. at 8).  Defendant alleges that Defendants Keller and Solomon are liable because they failed to protect Plaintiff after Plaintiff submitted a prison grievance on October 21, 2010.  (Id.).  Plaintiff alleges that Defendant Cobb is liable because he sent a letter to Plaintiff dated December 17, 2010, acknowledging that Plaintiff requested to be transferred away from Lanesboro.  (Id. at 8-9).  Plaintiff alleges that Defendant Neely is liable because he refused to act to protect Plaintiff after Plaintiff sought protection numerous times.  (Id. at 9).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

"Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quotation marks omitted). As such, the Eighth Amendment's Cruel and Unusual Punishments Clause imposes on prison officials "a duty . . . to protect prisoners from violence at the hands of other prisoners." Id. at 833 (quotation marks omitted). Still, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." Id. at 834. To state a claim for damages against a prison

3

official for failure to protect from inmate violence, an inmate must plead facts that show (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm. Id. at 834.

"Deliberate indifference" in this context is a subjective standard in that the prison official must actually have known or been aware of the excessive risk to inmate safety. Id. at 835-37. It is not sufficient that the official should have known of the risk. Id. A plaintiff can, however, prove an official's actual knowledge of a substantial risk to his safety "in the usual ways, including inference from circumstantial evidence." Id. at 842. In other words, "a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." Id.

Prison officials may escape liability for deliberate indifference claims in several ways. They "might show, for example, that they did not know of the underlying facts indicating a sufficiently substantial danger and that they were therefore unaware of a danger, or that they knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent." Id. at 844. "In addition, prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." Id. "Whether one puts it in terms of duty or deliberate indifference, prison officials who act reasonably cannot be found liable" on a failure-to-protect claim. Id. at 845.

Here, the Court finds that Plaintiff sufficiently states a failure to protect claim against all Defendants except for Cobb. As to Cobb, all that Plaintiff alleges is that Cobb sent Plaintiff a

4

letter acknowledging Plaintiff's request to be transferred away from Lanesboro. As for the other Defendants, Plaintiff specifically alleges that each of the Defendants was notified of Plaintiff's complaints about the threats by gang members, and that they did nothing to protect Plaintiff from the gang members' attacks. It is true that respondeat superior is not applicable in Section 1983 actions, and discovery may reveal that some of the named Defendants did not know of the alleged threats. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). Such individuals cannot be held liable based merely on their positions as supervisors. However, taking as true Plaintiff's allegations, and construing all inferences in his favor, the Court finds that Plaintiff's allegations survive initial review as to all Defendants except for Cobb.

### IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's allegations survive initial review as to all Defendants except for Cobb. See 28 U.S.C. §§ 1915(e); 1915A.

2. The Clerk is directed to mail six summons forms to Plaintiff for Plaintiff to fill out and identify the remaining Defendants in the summonses for service of process, and then return the summonses to the Court. Plaintiff is required to provide the necessary information for the U.S. Marshal to effectuate service. That is, in filling out each summons form, Plaintiff must attempt to identify the name of each Defendant, the position and place of employment for each Defendant, as well as each Defendant's address, to the best of Plaintiff's ability. Once the Court receives the summonses from Plaintiff, the Clerk shall then direct the U.S. Marshal to effectuate service upon the named Defendants.

Signed: August 19, 2014

Robert J. Conrad, Jr.
United States District Judge